THE STATE OF OHIO, APPELLEE, *v.* BERKMAN ET AL., APPELLANTS.

(No. 4053—Decided December 11, 1944.)

*Mr. J. H. Nathanson,* director of law, and *Mr. J. J. McCarthy,* for appellee.

*Messrs. Hackett & Lynch* and *Mr. Frank M. Hackett,* for appellants.

CARPENTER, J. In the Municipal Court of Toledo, it was charged that on April 6, 1943, defendants "Sam Berkman & Jacob Berkman, did keep a room to be used for gambling at 248 Superior St., Toledo, O., contrary to Section 13054, General Code." On demand of defendants, trial by jury was had . in which the state sought to prove that the type of gambling charged was "numbers game." The verdict was guilty and sentences were imposed which were affirmed by the Court of Common Pleas.

On appeal on questions of law, several assignments of error are presented.

1. On the *voir dire,* several prospective jurors stated that they had fixed opinions that "numbers game" was gambling and that they would have to be shown it was not, others that they belonged to church organizations which were opposed to gambling. Defendants exhausted their peremptory challenges, and some of those persons, over defendants' objections, were sworn as members of the jury, but just before that was done the court asked each member of the panel if in spite of his opinion he could hear all the evidence and instructions as to the law and render an impartial verdict and the answers were "yes"; then the further question "I will ask each and every member of the jury if there is any reason whatsoever that will prevent you from rendering an impartial verdict after hearing all of the evidence and after having been instructed by the court as to what the law is" and the answers were "no."

Section 13443-10, General Code, imposed on the court the duty to make such examination, and the fact that it admitted those jurors indicates it was satisfied they could render an impartial verdict. *Goins* v. *State,*

46 Ohio St., 457, 21 N. E., 476 (paragraph two of the syllabus); Sections 13443-8 and 11419-53, General Code, invest the trial court with a very broad discretion as to qualifications of jurors. *Lindsey* v. *State,* 69 Ohio St., 215, 69 N. E., 126, paragraph two of the syllabus; *State* v. *Huffman,* 86 Ohio St., 229, 240, 99 N. E., 295, Ann. Cas. 1913D, 677.

2. Over the objection of defendants, a police officer testified that he had played the numbers game, had watched it played by others and was familiar with it, and, in detail, described it to the jury. In substance, it is a game wherein the players bet that a certain combination of numbers will appear in the total bond or stock sales for the day on the New York Stock Exchange.

In *Fields* v. *State,* 4 N. P. (N. S.), 401, 17 O. D. (N. P.), 16, a gambling game called "craps" was involved in the charge and Judge Dillon concisely stated the law regarding this type of evidence as follows:

"Laymen who are called to serve as jurors are not presumed to be familiar with the various games of chance which are by law made unlawful, and therefore the subject is not one of such common occurrence as would preclude expert testimony. In all such cases the state has a right to call those who are familiar with such games to explain what acts are embraced in and constitute the particular game complained of."

The evidence also meets the requirements laid down by this court in *City of Toledo* v. *Johnson,* 72 Ohio App., 46, 50 N. E. (2d), 675, in which it was decided that "number game" not being one enumerated in the statute as gambling, it was incumbent on the state charging it to be so, to prove it.

3. It is urged that "numbers game" is not "gambling" as the term is used in Section 13054, General Code, but is a lottery and as such can be prosecuted

only under Section 13064, General Code. The material part of Section 13054, General Code, is:

"Whoever keeps a room * * * to be used or occupied for gambling * * * shall be * * *."

The word "gambling" is used here in its broad or generic sense. Gamble means "To stake money or any other thing of value upon an uncertain event." Webster's New International Dictionary. A lottery is a specific type of gambling. This charge is not that the defendants gambled, but that they "did keep a room to be used for gambling."

4. Over the objection of defendants, the state offered evidence tending to prove that from January 1943 to April 1, 1943, the individual defendants and their clerks in their news stand and magazine store at 248 Superior street, had been arrested numerous times and had pleaded guilty to charges of violating the gambling laws in their store. That charge involves the question of the "motive" or "intent" with which they kept the room in question, and also their "scheme, plan or system in doing" so, and such evidence came within the provisions of Section 13444-19, General Code, and was competent for that purpose, and its use by the jury was so limited by the court in its charge.

5. By timely motions, defendants asked for directed verdicts at the close of the state's evidence and at the close of all the evidence. This raised the question whether there was any evidence of the crime charged to submit to the jury. (It is not claimed that the verdict was against the weight of the evidence.)

As stated above, there was evidence that over a period of nearly three months prior to and including April 1, 1943, these defendants operated a newspaper and magazine store at 248 Superior street, that during such time they and their clerks had plead guilty to numerous separate charges of gambling by means of the

numbers game, and that they had in the store advertising, literature, stationery and records used in that connection.

That charge had reference to the status of the store room in question in respect to gambling therein, and there was much evidence that prior to April 1st it was so used. Under the principle of evidence stated in *Industrial Commission* v. *Carden,* 129 Ohio St., 344, 195 N. E., 551, that when a state of things is once established it continues for a reasonable time thereafter unless the contrary is shown, it may well be inferred that on April 6, 1943, the day on which the charge was laid, the same condition existed that did exist on April 1, 1943, and for weeks before that. The defendants did not testify and offered no evidence to show the contrary to such inference.

A large number of exhibits were received by the trial court which are not now in the record. Counsel have restored part of these, but from all of the record it is apparent that error was not committed by the overruling of the motions to direct verdicts.

6. Objection was made to some of the prosecutor's closing argument about a possible witness, Mr. Gray. Only a fragment of that argument appears in the record, and from what is there, it appears that the prosecutor's remarks were in answer to something that had been said by defense counsel in their argument which is not in the record; hence, it is presumed that the court was right in overruling the objection.

Finding no prejudicial error, the judgment is affirmed.

*Judgment affirmed.*

LLOYD and STUART, JJ., concur.